IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 12 |
| RICKY L. MOORE, ) | |
| ) | Bankruptcy No. 19-01228 |
| Debtor. ) | |

### ORDER RE MOTION TO ALLOW CLAIMS AND OBJECTION THERETO

This matter came before the Court by telephonic hearing on July 16, 2021. Carol Dunbar appeared for herself as Chapter 12 Trustee. John Loughlin appeared for Sexton Oil Co. ("Sexton Oil"). Kayla Britton appeared for Nutrien Ag Solutions, Inc. Martin J. McLaughlin appeared for the United States Internal Revenue Service. Sam King appeared for Debtor Ricky L. Moore ("Debtor"). The Court heard argument and took the matter under advisement on the papers submitted. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

### STATEMENT OF THE CASE

Creditor Sexton Oil Co. asks the Court to allow its late-filed Proof of Claim. Sexton Oil had a personal relationship with Debtor and was aware of the bankruptcy when it was filed. Sexton Oil, however, points out that it had ongoing discussions with Debtor and was repeatedly assured that the account would be paid in spite of the bankruptcy filing. Based on the assurances and statements made by

Debtor, Sexton Oil did not file its claim until June 29, 2021, and argues its reliance on Debtor's statements should excuse the lateness of its claim.

Debtor argues that the deadline for creditors to file a Proof of Claim in this case was November 15, 2019. Sexton Oil received notice of this deadline and did not file a Proof of Claim on or before November 15, 2019. Debtor further argues that there is no legal basis for which Sexton Oil should be allowed to file a Proof of Claim after the deadline.

For the reasons that follow, the Court finds that Sexton Oil's Motion to Allow Claim is denied.

## FINDINGS OF FACT

Debtor filed Chapter 12 bankruptcy on September 9, 2019. The deadline for creditors to file a Proof of Claim in this case was November 15, 2019. (ECF Doc. 5). As required by statute, the clerk of this court sent notice of the deadline date for the filing of proof of claims September 11, 2019. (ECF Doc. 7).

Before the Debtor's bankruptcy case, Sexton Oil had provided Debtor with fuel for farm use. (Claim 26-1). Debtor's debt to Sexton Oil was $27,968.68 at the time of filing. (Id.). There is no dispute that services were rendered and a debt is owed to Sexton Oil. Mr. Sexton, of Sexton Oil, had a personal relationship with Debtor and was aware of the pending bankruptcy. (ECF Doc. 325). Mr. Sexton had ongoing discussions during the bankruptcy with Debtor regarding his account

and was repeatedly assured that the account would be paid. (Id.). Debtor does not challenge this assertion. Sexton Oil did not file his Proof of Claim until June 29, 2021 based on these assurances by Debtor. (Id.). Debtor then objected to the claim as untimely. (ECF Doc. 327).

## DISCUSSION

### I.     Allowance of Claims

When a debtor files a petition for relief under Chapter 12 bankruptcy protection, each of its creditors is entitled to file a proof of claim—a document indicating a right to payment against the debtor's estate. See 11 U.S.C. § 502(a). Once a proof of claim is filed, the Court must determine whether the claim is "allowed." Id. Ordinarily, a creditor has until "70 days after the order for relief under that chapter" to file a proof of claim. Fed. R. Bankr. P. 3002(c). The Notice of Chapter 12 Bankruptcy Case sent out by the Clerk lists the date of the first meeting of creditors along with the deadline to file a proof of claim.

Under section 502(a), "[a] claim or interest, proof of which is filed under section 501 . . . is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Even if a party in interest objects, however, the Court "shall allow" the claim "except to the extent that" the claim falls within any of the nine exceptions enumerated in section 502(b). 11 U.S.C. § 502(b).

Section 502(b) provides in relevant part:

(b) . . . if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that-

* * * *

(9) **proof of such claim is not timely filed**, except to the extent tardily filed as permitted under paragraph (1), (2), or (3) of section 726(a) or under the Federal Rules of Bankruptcy Procedure . . .

11 U.S.C. 502(b) (emphasis added). In a Chapter 12 case the Bankruptcy Rules state "a proof of claim is timely filed if it is filed not later than 70 days after the order of relief." Fed. R. Bankr. P. 3002(c).

In a Chapter 12 proceeding a claim is "timely filed" unless a creditor is covered by an exception. Here, the exception is section 502(b)(9). Under the rules governing the time for filing, the creditor must file a proof of claim no later than 70 days from the first date set for in 11 U.S.C. § 341. See Fed. R. Bankr. P. 3002(c).

The Bankruptcy Rules provide seven exceptions to the 70-day rule. The seven exceptions are:

(1) A proof of claim filed by a governmental unit . . . , is timely filed if it is filed not later than 180 days after the date of the order for relief . . . .

(2) In the interest of justice and if it will not unduly delay the administration of the case, the court may extend the time for filing a proof of claim by an infant or incompetent person or the representative of either.

(3) An unsecured claim which arises in favor of an entity or becomes allowable as a result of a judgment may be filed within 30 days after the judgment becomes final if the judgement is for recovery of money

4

or property from that entity or denies or voids the entity's interest in property….

(4) A claim arising from the rejection of an executory contract or unexpired lease of the debtor may be filed within such time as the court may direct.

(5) If notice of insufficient assets to pay a dividend was given to creditors under Rule 2002(e), and subsequently the trustee notifies the court that payment of a dividend appears possible….

(6) On motion filed by a creditor before or after the expiration of the time to file a proof of claim, the court may extend the time by not more than 60 days from the date of the order granting the motion. The motion may be granted if the court finds that:

(A) the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim because the debtor failed to timely file the list of creditors' names and addresses required by Rule 1007(a); or
(B) the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim, and the notice was mailed to the creditor at a foreign address.

(7) A proof of claim filed by the holder of a claim that is secured by a security interest in the debtor's principal residence is timely filed if:

(A) the proof of claim, together with the attachments required by Rule 3001(c)(2)(C), is filed not later than 70 days after the order for relief is entered; and
(B) any attachments required by Rule 3001(c)(1) and (d) are filed as a supplement to the holder's claim not later than 120 days after the order for relief is entered.

Fed. R. Bankr. P. 3002(c).

Unless one of these exceptions apply, the party must follow the 70-day rule.

This rule places an absolute bar on the party's ability to file a late Proof of Claim.

5

See Fed. R. Bankr. P. 9006(b)(3). "The court may enlarge the time for taking action under rule . . . 3002(c) . . . only to the extent and under the conditions stated in [that rule]." Id.

There are few Chapter 12 cases that address the issue of late-file Proof of Claims. The cases that do provide little help to Sexton Oil. The Court in In re Boudinot ruled that in Chapter 12 cases it is imperative that unsecure creditors file their claims timely in order to participate in the debtor's plan of reorganization. 237 B.R. 413, 417–18 (Bankr. S.D. Ohio 1999). There, the Court emphasized that it lacked discretion to allow a tardily-filed proof of claim. Id. The Court of Appeals for the Seventh Circuit has considered a Chapter 12 case similar to the case at hand. In re Greenig, 152 F.3d 631 (7th Cir. 1998). In Greenig, the Seventh Circuit addressed whether a court can use its equity powers to allow a late-filed Proof of Claims outside the exceptions in Fed. R. Bankr. P. 3002(c). Id. at 635 (citing and discussing In re Unroe, 937 F.2d 346 (7th Cir. 1991)). The Seventh Circuit concluded that equitable considerations could not be relied upon to bypass the provisions of the Code and Bankruptcy Rules about the date by which a creditor must file a proof of claim. In re Greenig, 152 F.3d at 636.

The well-established doctrines of "excusable neglect" and "informal proof of claim" can in certain circumstances allow a late-filed Proof of Claims. However, neither of these doctrines are applicable to Sexton Oil's claim. The doctrine of

6

"excusable neglect," is encompassed in Rule 9006(b)(1).  This rule allows the Court to use its discretion to enlarge a specified period of time, after its expiration, upon motion and showing that the moving party's neglect to act timely was excusable.  The United States Supreme Court has held that the doctrine of "excusable neglect" is an avenue that courts can use to accept tardily-filed claims in Chapter 11 cases. Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993).  Unfortunately for Sexton Oil, this doctrine is not applicable in Chapter 12 cases.  See Jones v. Arross, 9 F.3d 79, 81 (10th Cir. 1993).  This is because of the operation of subsection (b)(3) of Rule 9006.  That provision states: "The court may enlarge the time for taking action under Rule[] . . . 3002(c) . . . only to the extent and under the conditions stated in [that] rule[]."  Fed. R. Bankr. P. 3002(c).  Rule 3002(c) governs Chapter 12 cases and because this is a Chapter 12 case, the Court cannot use the doctrine of "excusable neglect" to allow Sexton Oil's untimely claim.

  The doctrine of "informal proof of claim" also does not help Sexton Oil.  The doctrine's purpose is to allow untimely filed proof of claims as long as the creditor has significantly participated in the case prior to filing its motion to allow claims.  In re Boudinot, 237 B.R. at 418.  The creditor's participation in the case must be sufficient to show that it intended to hold the debtor liable for a claim.  Id.  Here, Sexton Oil has no such evidence.  Sexton Oil did not participate at all until

7

the filing of the Motion to Allow Claim.  Therefore, Sexton Oil has not demonstrated an intent to hold the Debtor liable before filing its Motion.  The Court thus cannot use this doctrine to allow its claim.

Here, there is no dispute that Sexton Oil filed its proof of claim one year and seven months after the 70-day deadline.  None of the exceptions in Rule 3002(c) apply.  Therefore, since 11 U.S.C § 502(b)(9) bars late Proof of Claim filings where none of the exceptions of rule 3002(c) are applicable, Sexton Oil's claim is barred by the rule.

Sexton Oil asked the Court to approach the issue from a different perspective—with a focus on the personal relationship it had with the Debtor, and on the Debtor's assurance of payment.  Although this Court encourages parties to stand behind their verbal assurances, this Court has no authority to depart from the enumerated exceptions under rule 3002(c).  There is no exception applicable here.  In fact, a case addressing this identical issue held that the claim is barred.  <u>In re Franco</u>, Ch. 13 Case No. 05-04632-5-ATS, 2008 Bankr. LEXIS 4281 (Bankr. E.D.N.C. 2008).  Rule 3002(c) does not provide an exception even where there is misrepresentation.  Congress decided not to include an exception of this kind or anything close.  Instead, it gave little or no discretion on issues like this.  Under these circumstances, the Court must strictly apply Rule 3002(c).

8

## CONCLUSION

In a Chapter 12 bankruptcy case, creditors have 70 days to file a proof of claim, unless an exception applies. Because Sexton Oil filed to file its proof of claim within 70 days, and none of the exceptions apply, its claim is barred.

**WHEREFORE**, Sexton Oil's Motion to Allow Claim is **DENIED**.

Dated and Entered:
October 14, 2021

_____
THAD J. COLLINS,
CHIEF BANKRUPTCY JUDGE